**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-5099**

───────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

CHRISTOPHER CORNELIUS DANIELS,

            Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:11-cr-00057-BR-1)

───────────

Submitted: June 14, 2012                Decided: June 19, 2012

───────────

Before WILKINSON, NIEMEYER, and KEENAN, Circuit Judges.

───────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

───────────

Randolph M. Lee, Charlotte, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Cornelius Daniels appeals the criminal judgment entered following his guilty plea, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006). On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court properly sentenced Daniels as a career offender. Daniels has filed a pro se supplemental brief in which he alleges that counsel provided ineffective assistance. The Government has filed a motion to dismiss the appeal based on the appellate waiver provision in Daniels' plea agreement. Daniels opposes the motion. We affirm in part and dismiss in part.

We review a defendant's waiver of appellate rights de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). A defendant may waive his right to appeal if "the waiver was based upon a knowing and intelligent decision." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (providing standard) (internal quotation marks omitted); see United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). We will enforce a valid waiver so long as "the issue being appealed is within the scope of the waiver." Blick, 408 F.3d at 168.

Our review of the record leads us to conclude that Daniels' waiver of appellate rights was knowing and intelligent and that the sentencing issue raised by counsel falls within the waiver's scope. Daniels received a sentence below the advisory Guidelines range established at the sentencing hearing. Thus, we grant in part the Government's motion to dismiss and dismiss this portion of the appeal.

The waiver provision, however, does not preclude our review of Daniels' conviction pursuant to Anders or the ineffective assistance claims Daniels raises in his pro se supplemental brief. We conclude that the record does not conclusively demonstrate that counsel was ineffective. United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998) (providing standard); see Strickland v. Washington, 466 U.S. 668, 688, 694 (1984) (providing elements of ineffective assistance claim). Thus, we decline to consider Daniels' ineffective assistance claims on direct appeal.

In accordance with Anders, we have reviewed the entire record and have found no unwaived and potentially meritorious issues for review. We therefore deny in part the Government's motion to dismiss and affirm Daniels' conviction. This court requires that counsel inform Daniels, in writing, of his right to petition the Supreme Court of the United States for further review. If Daniels requests that a petition be filed, but

counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Daniels. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

4